Scofield, J.,
delivered the opinion of the court:
March 3, 1883, Congress passed the following act:
“ Be it enacted, That the Secretary of the Treasury be, and he is hereby, authorized and required to pay to the State of *403 Georgia, or its lawfully-authorized agent, out of any money in the Treasury not otherwise appropriated, the sum of thirty-five thousand five hundred and fifty-five dollars and forty-two cents; the payment herein directed to be made being for money paid by said State for the supplies for the troops in seventeen hundred and seventy-seven, under the command of General James Jackson, engaged in local defense for the common cause of independence, and which sum was not included in the account of the State of Georgia in the settlement with the General Government under the assumption act of seventeen hundred and ninety.”
July 31, 1885, an account was stated under the provisions of this act, by the accounting officers of the Treasury, in favor of the claimant, for the sum of $35,555.42.
Under the provisions of the Act of August 5, 1861 (12 Stat. L., 292), known as the Direct Tax Act, there was apportioned to the State of Georgia $584,367.33, and this amount was charged to that State on the books of the Treasury Department. On March 3, 1883, and also on September 30, 3885, more than $500,000 of this sum still stood charged to the State as an unsettled balance.
The $35,555.42 found due the- State under the above-recited act has not been paid, but instead has been, under date of September 30, 1885, credited as a set-off to the balance due on the direct-tax account.
The only question involved in the case is whether the amount of direct taxes apportioned to Georgia, in the absence of assumption by that State, became a State indebtedness.
Exactly the same question arose in the case of Louisiana, v. The United States (22 C. Cls. R., 284), and was decided by this court in favor of the State. The case was taken to the- Supreme Court on appeal and there affirmed, on the ground that “ the direct tax laid by the act of August 5, 1861, did not create any liability on the part of the States in which the lands taxed were situated to' pay the tax.” (United States v. Louisiana, 123 U. S. R, 32.)
Judgment will be entered in favor of the claimant in the sum of $35,555.42.